No. 05-005

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 274N

STATE OF MONTANA,

  Plaintiff and Respondent,

  v.

WILLIAM C. MOORE,

  Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone, Cause No. DC 2001-145,
                 The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        William C. Moore (pro se), Deer Lodge, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Jennifer Anders,
        Assistant Attorney General, Helena, Montana

        Dennis Paxinos, Yellowstone County Attorney; Melodee Hanes, Deputy
        County Attorney, Billings, Montana

                                Submitted on Briefs:  July 5, 2005

                                    Decided:  November 2, 2005

Filed:

        _____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to § I, Para. 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall not be included in this Court's quarterly list published in the Pacific Reporter and Montana Reporters.

¶2 William Moore (Moore) appeals from the judgment of the Thirteenth Judicial District Court, Yellowstone County, denying his Motion to Withdraw Plea of Guilty. We affirm.

¶3 In February of 2001, Moore was charged with one count of Deliberate Homicide. On October 26, 2001, Moore signed an Acknowledgment of Waiver of Rights form, wherein he agreed to enter a guilty plea to the charged offense and the State agreed to recommend a sentence of eighty years. The agreement was only binding if the judge followed the recommendations, otherwise, Moore could withdraw his guilty plea. Further, the agreement made it clear that by pleading guilty to the charged offense, Moore was giving up the right to introduce evidence of Mitigated Deliberate Homicide and Negligent Homicide, both of which carried a lesser sentence than Deliberate Homicide.

¶4 The District Court accepted Moore's guilty plea and sentenced him in accordance with the agreement on February 5, 2002. Moore did not appeal this decision, nor did he pursue sentence review. Then, on August 5, 2003, Moore filed a Motion to Withdraw Plea of Guilty, which was subsequently denied by the District Court. He now appeals.

¶5 The Court has determined to decide this case pursuant to § 1, Para. 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶6     Moore argues that the plea agreement is invalid because all parties agreed that any sentence imposed would be appealed. Thus Moore contends that the State breached the agreement by failing to appeal his sentence. However, neither the law or the plea agreement impose an obligation on the State to appeal on behalf of Moore.

¶7     Moore also argues that the guilty plea is invalid because the District Court failed to assess whether he voluntarily, knowingly and intelligently made the plea. It appears Moore is claiming he did not understand that upon entering a guilty plea to the offense of Deliberate Homicide, he would not be permitted to introduce evidence in an effort to show a less culpable offense, such as Negligent Homicide. However, the plea agreement clearly states that Moore waved his right to present such evidence once he entered the guilty plea:

> I understand that Deliberate Homicide contains a lesser included offense of Mitigated Deliberate Homicide and Negligent Homicide. That by pleading guilty I give up my right to introduce evidence of Mitigated Deliberate Homicide and Negligent Homicide to a jury.

The agreement further stated that if Moore chose to instead go to trial he would be able to introduce evidence of a lesser offense, and the agreement stipulated what those lesser offenses were and their respective sentences. The District Court held that Moore made a knowing, intelligent and voluntary waver of these rights. The sentencing transcript indicates that Moore's decision to plead guilty, although a difficult one, was voluntary and intelligent. Further, he and his counsel agreed that an eighty-year sentence was appropriate. Moore has produced no evidence to the contrary. We conclude that the District Court did not abuse its discretion in denying Moore's motion to withdraw his guilty plea.

¶8     Affirmed.

3

/S/ JOHN WARNER


We Concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART